

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable I. Predeck
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-3871
Re: Can the salary of a "steno-
grapher-clerk" of the County
Agent and a County Commis-
sioner be paid out of the road
and bridge fund?

Your letter of August 6, 1941, requesting an opin-
ion of this department upon the above stated question has been
received.

We quote from your letter as follows:

"The Budget for the year 1942 was prepared
and filed in the office of the County Clerk on
July 31st, 1941, as required by House Bill 748,
Chapter 306, Laws of the Regular Session of the
42nd Legislature.

"In this County the Road & Bridge Committee
of the Commissioners' Court and the County En-
gineer prepare that part of the Budget which
has reference to Road & Bridge Fund expenditures
and which is then incorporated into the general
budget for all funds. The compensation of the
County Engineer, his two assistants, foremen,
tractor drivers, maintainer operators, truck
drivers, mechanic, etc., that is to be paid for
the year 1942 is enumerated and shown on a sheet
in the budget. They have added for the first
time 'Stenographer-Clerk to assist County Agent

and Commissioners.'  I fail to find any law
that authorizes this expenditure out of the
Road & Bridge, or any other fund, for a County
Commissioner and the Farm Demonstration Agent."

Apparently under the facts stated in your letter,
the "stenographer-clerk" was to be employed by a County Com-
missioner and the County Agent together, and the "stenographer-
clerk" was to work for both of the above mentioned officials.

Section 9, Article 8 of the Texas Constitution pre-
scribes the maximum rate of taxes for general purposes, for
roads and bridges, for juries, and for permanent improvements,
respectively.  The money arising from taxes levied and col-
lected for each of the above enumerated purposes are consti-
tutional funds.

The Commissioners' Court has no authority to transfer
money from one to another constitutional fund, or to expend
for one purpose tax money raised ostensibly for another pur-
pose.  The immediate purpose of the provision is to limit the
amount of taxes that may be raised for these several purposes,
respectively, and is also designed to inhibit excessive ex-
penditures for any of such purposes and to require that any
and all moneys raised by taxation for any purpose shall be
applied to that particular purpose and no other.  Carrell v.
Williams, 202 S. W. 504; Ault v. Hill County, 116 S. W. 359;
Texas Jurisprudence, Vol. 11, pp. 609-10-11; Henderson County
v. Burk, 262 S. W. 34.

The general road and bridge fund is a constitutional
fund and the money of such constitutional fund must be applied
to that particular purpose for which it was raised and no other.
Therefore, it is our opinion that no part of the salary of the
"stenographer-clerk" can legally be paid out of the road and
bridge fund for services performed for the County Agent.

Yours very truly

ATTORNEY GENERAL OF TEXAS

AW:GO

APPROVED AUG 18, 1941

s/ Rovert E. Kepke                    By

Acting ATTORNEY GENERAL OF TEXAS            s/ Ardell Williams
                                                Assistant

APPROVED OPINION COMMITTEE BY CCC CHAIRMAN